## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **2:17-cr-134** |
| Plaintiff, | : | **CHIEF JUDGE SARGUS** |
| | : | |
| -v- | : | |
| | : | |
| MITCH G. STEVENSON, | : | |
| PATRICIA STEVENSON, | : | |
| CANDACE G. STEVENSON, | : | |
| | : | |
| Defendants. | : | |

### VERIFIED PETITION FOR A HEARING TO ADJUDICATE THIRD-PARTY INTERESTS IN FORFEITED PROPERTY

Comes now Petitioner R&R Resale Leasing, LLC, by and through counsel, and, pursuant to the Preliminary Order of Forfeiture and in accordance with 21 U.S.C. §853(n), hereby petitions this Court for a hearing to adjudicate third-party interests in the preliminary forfeited property known as 8662 Hampton Bay Place, Mason, Warren County, Ohio ("Property").

### Facts

The Petitioner is the Vendor, by assignment, under the terms of a Land Installment Contract entered into on July 5, 2012, with Vendees Patricia Stevenson and Mitch G. Stevenson for the Property. See copy of Land Installment Contract and Assignment attached hereto as **Exhibit A**. The Defendants had failed to make payments pursuant to the terms of the Land Installment Contract, and the Petitioner filed a Foreclosure of Land Contract and Quiet Title Complaint in the Warren County Court of Common Pleas on August 22, 2016, Case No. 16CV88949. The foreclosure case was pending when the Defendants Mitch G. Stevenson and Patricia Stevenson

were indicted on June 22, 2017. Defendant Mitch G. Stevenson entered a plea in the above matter on June 19, 2018, to money laundering. Defendant Patricia Stevenson entered a plea in the above matter on June 29, 2018, to money laundering. As part of their guilty pleas, the Defendants asserted that the Property was directly traceable to the proceeds of the charged offenses and agreed to forfeit all of their right, title, and interest to the Property. A Preliminary Order of Forfeiture was entered by this Court on August 17, 2018. The Petitioner had no knowledge of the Defendants' criminal acts until such time as they were indicted in this matter. Defendant Candace G. Stevenson was not a party to the Land Installment Contract, so she has no legal interest in the Property.

### Argument

The Petitioner has a right to, and an ownership interest in, the Property since it holds legal title to the Property and it is a victim of the criminal offenses committed by the Defendants Stevenson. See copies of the Deeds attached hereto as **Exhibit B**. In the Defendants' plea agreement as stated in the Preliminary Order of Forfeiture entered by this Court on August 17, 2018, the Defendants agreed to forfeit "all of his/her right, title, and interest in the real property known and numbered 8662 Hampton Bay Place, Mason, Warren County, Ohio," and the Defendants also "acknowledged that he/she had an ownership interest in the real property and waived all interest in, and claims to the real property." Under 21 U.S.C.A. §853, all right, title, and interest in the Property subject to the forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture under this section." *Id.* at §853(c). Two exceptions to the relation-back clause were carved out by Congress in 21 U.S.C.A. §853(n)(6)(A) and (B) to protect innocent third parties. A third party can obtain relief from forfeiture if it can be established by a preponderance of the evidence that it has an interest in the forfeitable property that is superior

forfeitable property that is superior to that of the government or if they are a bona fide purchaser for value. Thus, if a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest, then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party. *United States v. Harris,* 246 F.3d 566 (6th Cir. 2001).

In order to determine property rights, this Court must refer to law of the State of Ohio. *Harris* at 571. Under Ohio law, a "land installment contract" is statutorily defined as "an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation." O.R.C. §5313.01(A). While a conveyance by land installment contract transfers ownership of the property, the vendee holds equitable title, while the vendor retains legal title. *Blue Ash Bldg & Loan Co. v. Hahn,* (1984) 20 Ohio App. 3d 21, 26 484 N.E.2d 186, 191. Ohio courts have analogized the seller's retention of the legal title to the property as a lien "similar to a mortgage for the unpaid purchase price as title is kept as security for the debt." *Flint v. Holbrook,* (1992) 80 Ohio App. 3d. 21, 28 608 N.E.2d 809, 814. As the Petitioner holds legal title to the Property, it has superior title to the government's equitable title because the government assumed no greater rights than that of the Defendants Stevenson. Once the government satisfies the balance due under the terms of the Land Installment Contract, it would be entitled to the Stevensons' right to a deed. As of November 1, 2018, the Petitioner is owed the sum of $1,308,191.00 under the terms of the land contract. See account statement of amount due attached hereto as **Exhibit C**.

**Conclusion**

As a result of the foregoing, the Petitioner respectfully requests that this matter be set for hearing to adjudicate third-party interests and rights in the forfeited property and that the Preliminary Order of Forfeiture against the Property be amended to acknowledge the Petitioner's legal interest.

Respectfully submitted,

LANGE, QUILL & POWERS, PLC

By: _____
John E. Lange IV
Attorney for Petitioner R&R Resale
    Leasing, LLC
4 West Fourth Street, Suite 400
Newport, Kentucky 41071
(859) 491-1500

<u>Certificate of Service</u>

I hereby certify that a true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this _21st_ day of November, 2018:

       Benjamin C. Glassman
       United States Attorney
       Attention: Asset Forfeiture Unit
       303 Marconi Boulevard, Suite 200
       Columbus, Ohio 43215

                                              
                              John E. Lange IV

<u>Verification</u>

COMMONWEALTH OF KENTUCKY
COUNTY OF CAMPBELL

Paul E. Schwarz, Trust Fiduciary Manager of First Financial Bank Inc., Administrator with the Will Annexed for the Estate of Robert E. Tevlin, the sole member of R&R Resale Leasing, LLC, being first duly sworn, upon oath states: that I have read the above and foregoing Petition for a Hearing to Adjudicate Third-Party Interests in Forfeited Property, that I am familiar with the matters set forth therein, and that to the best of my knowledge and belief the statements contained therein are true and correct.

FIRST FINANCIAL BANK INC.,
Administrator with the Will Annexed for
the Estate of Robert E. Tevlin

By: _____
    Paul E. Schwarz, Trust Fiduciary
    Manager

COMMONWEALTH OF KENTUCKY
COUNTY OF CAMPBELL

Subscribed, acknowledged, and sworn to before me, a notary public, by Paul E. Schwarz, Trust Fiduciary Manager of First Financial Bank Inc., Administrator with the Will Annexed for the Estate of Robert E. Tevlin, the sole member of R&R Resale Leasing, LLC, on this _____ day of November, 2018.

_____
Notary Public, Ky., State at Large

Commission expires: _____



OFFICIAL SEAL
JOHN E. LANGE
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires July 20, 20__
ID # 446079

TRANSFER NOT NECESSARY
NICK NELSON, AUDITOR
WARREN COUNTY, OHIO

JUL 12 2012

NICK NELSON
AUDITOR, WARREN CO. OHIO



BETH DECKARD – WARREN COUNTY RECORDER
Doc #:      875184   Type: LC
Filed: 7/12/2012 11:42:12  $    76.00
OR Volume:   5586 Page:    68 Return: B
Rec#:   11952              Pages:    8
GRIFFIN FLETCHER & HERNDON (OLIVIA LAWYE

Auditor's Parcel No.: 16334000300

12RTC0284  Return to Ross



# LAND INSTALLMENT CONTRACT

This Agreement is executed this 5th day of July_____, 2012 by and between the undersigned *Purchaser* and *Seller*, upon the following terms and conditions:

1. **DEFINITIONS.** All capitalized terms not otherwise defined herein shall have the meaning as set forth in the last paragraph of this Agreement.

2. **PROPERTY.** Seller, in consideration of the Purchaser's payment of the *Purchase Price*, shall sell to Purchaser certain real estate together with all improvements thereon known as 8662 Hampton Bay Place, Mason, Ohio 45040 and being described on the attached Exhibit "A" (the "Property").

3. **POSSESSION AND TRANSFER OF TITLE.** Seller and Purchaser acknowledge Purchaser is currently in possession of the Property. Upon payment by Purchaser of the Purchase Price, Seller shall convey marketable title to Purchaser by delivering to Purchaser a fully executed general warranty deed. Purchaser shall be responsible for any conveyance fees or transfer taxes and the preparation of said deed. Title shall be free and clear from all encumbrances excepting taxes, assessments, restrictions and easements which are do not prevent Purchaser's use of the Property as a personal residence as it is currently constructed.

4. **PAYMENT OF PURCHASE PRICE.** The Purchase Price shall be paid as follows:

   (a) The *Down Payment* is payable upon the execution of this Agreement.

   (b) The balance of the Purchase Price is payable in 60 monthly installments of the *Monthly Installment* on the first day of each month beginning on the first day after the first full month immediately following Seller's purchase of the Property.

(c)     Purchaser may prepay the entire principal balance at any time without penalty.

**5.     MORTGAGES.** The Property is not encumbered by a mortgage. If Seller encumbers the Property with a mortgage, it is understood that at all times, Seller's outstanding mortgage balance shall be less than Purchaser's outstanding principal balance under the terms of this Agreement. In the event of default by Seller of the terms of said mortgage, Purchaser may elect to make monthly payments of Seller's mortgage. Any such amounts shall be credited to the Purchaser's outstanding principal balance under the terms of this Agreement.

**6.     TAXES, HOA DUES, INSURANCE.** Upon Seller's receipt of the real estate tax bill for the Property and at least ten days prior to the date the real estate taxes are due, Seller shall send said tax bill to Purchaser. Upon Purchaser's receipt of the real estate tax bill, Purchaser shall pay the amount of the real estate taxes on or before the date the taxes are due.

Upon the transfer of the Property to Purchaser the real estate taxes and assessments shall not be prorated.

Upon Seller's receipt of the invoice for homeowner's association dues and at least ten days prior to the date said dues are due, Seller shall send said invoice to Purchaser. Upon Purchaser's receipt of a copy of the homeowner's association invoice, Purchaser shall pay the amount of the homeowners association dues on or before the date the dues are due.

Seller, at Purchaser's expense, shall keep hazard insurance on the Property for the mutual benefit of Seller and Purchaser, against loss or damage by fire and other risks in an amount of not less than $2,000,000. Seller shall furnish to Purchaser certificates evidencing such insurance, upon Purchaser's request. Purchaser shall pay to Seller yearly, until this Agreement is paid in full, the cost of the insurance at least ten days before the insurance bill is due.

Unless Seller and Purchaser otherwise agree in writing, insurance proceeds shall be applied to repair the damaged premises, if restoration or repair is economically feasible. If the restoration or repair is not economically feasible or if Seller's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Agreement, whether or not then due, with any excess paid to Purchaser.

Unless Seller and Purchaser otherwise agree, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in this agreement, or change the amount of the payments.

BOOK 5586  PAGE 69

Purchaser shall maintain insurance on all personal property that Purchaser may keep on the Property.

**7.      AMOUNT OF TOTAL MONTHLY PAYMENT.** The amount of the Monthly Installment, which shall include the principal and interest payment, is $19,800.

**8.      UTILITIES AND REPAIRS.** Purchaser shall pay all utility charges during the term of this Agreement and shall be responsible for all required repairs and maintenance to the Property.

**9.      DESTRUCTION OF PROPERTY.** Destruction of, or damage to, any building or other improvement now or hereafter placed on the Property or any personal property described in this Agreement, whether from fire or any other cause, shall not release Purchaser from any obligations under this Agreement, it being expressly understood that Purchaser bears all risk of loss to, or damage of, the Property.

**10.     LAWS AND ORDINANCES.** Purchaser shall conform and comply with all the present and future laws, ordinances, rules, regulations, requirements and orders of all applicable governmental authorities or agencies.

**11.     NON-ASSIGNABILITY.** This Agreement is not assignable by Purchaser without the written consent of Seller.

**12.     CONDITION OF PREMISES, NO REPRESENTATIONS.** Purchaser has inspected the Property and is purchasing the Property as is. Seller expressly disclaims any express or implied warranties relating to the Property.

**13.     RIGHT OF INSPECTION.** Seller shall have the right to enter and inspect the Property as often as reasonably required, provided reasonable notice is given to Purchaser.

**14.     MECHANIC'S LIENS.** Purchaser shall hold harmless and indemnify Seller from any and all claims, expenses, damage and charges which may arise directly or indirectly from any mechanic's or materialman's liens or from action to foreclose the same which arise from work performed on the Property at Purchaser's request.

**15.     DEFAULT.** Payment of all amounts due by Purchaser and the performance of all covenants and conditions of this Agreement by Purchaser are conditions precedent to the performance by Seller of the covenants and conditions of this Agreement. If Purchaser fails for a period of ten (10) days after they become due to pay any of the payments due pursuant to this Agreement, or if Purchaser fails, for a period of thirty (30) days after notice from Seller, to comply with any of the covenants or conditions of this Agreement, or if a receiver is appointed for Purchaser, or if Purchaser becomes bankrupt, or makes an assignment for

the benefit of creditors, or should any action or proceeding be filed in any court to enforce any lien on, or claim against the Property seeking to reach the interest of Purchaser, then (a) Seller shall be released from all obligations in law or equity to convey the Property to Purchaser; (b) Purchaser shall forfeit all rights to the Property or to the possession thereof; (c) Seller shall have an immediate right to retake possession of the Property; and (d) in lieu of the foregoing, Seller, at its option, may declare, by notice to Purchaser, the entire unpaid balance of the Purchase Price specified in this Agreement to be due and payable and may by appropriate action in law or in equity, proceed to enforce payment thereof. Any past due payments shall bear interest at 12% per annum in addition to any Late Charge or fee. Any rights, powers or remedies given or reserved to Seller by this paragraph shall not be construed to deprive Seller of any rights, powers or remedies otherwise given by law or equity.

16. **PERSONAL RESIDENCE.** Purchaser shall occupy the Property as Purchaser's principal residence. Purchaser shall not abandon the Property, nor lease the Property to a third party without Seller's written consent.

17. **NO PENDING ORDERS.** Seller represents that, to the best of his knowledge, there are no pending orders of any public agency against the Property.

18. **ASSIGNMENT OF RENTS.** Purchaser hereby irrevocably and unconditionally assigns to Seller all of Purchaser's right, title and interest in and to any and all lease payments from tenants. If Purchaser leases all or part of the Property, Seller may at any time, require the tenants to make all lease payments directly to Seller and apply such amounts to the payments due hereunder.

19. **BAD CHECKS.** If a check from Purchaser for any payment due hereunder is returned as nonpayable for any reason, then Purchaser shall pay Seller a Bad Check Charge for such bad check in addition to any charge for late payment of the Monthly Installment, and Seller shall not be obligated to accept any future Monthly Installment until said charges are fully paid by Purchaser. In such event, Seller may require all future Monthly Installments to be made in cash or by certified or cashiers checks.

20. **LATE CHARGES.** If Seller has not received Purchaser's Monthly Installment within five (5) days of the installment due date, a Late Charge will be added to the Monthly Installment.

21. **ENFORCEABILITY.** If any part of this Agreement shall be invalid or unenforceable, the remainder of the Agreement shall be valid and enforced to the fullest extent permitted by law.

22. **INDEMNIFICATION.** Purchaser shall indemnify and hold Seller free and harmless from any and all demands, loss or liability resulting from the injury to or death of any person or persons because of the negligence of Purchaser or the condition of the Property at any time after the date possession is delivered to Purchaser.

23. **ENTIRE AGREEMENT.** This Agreement contains the full and complete understanding of the parties hereto, and the terms and provisions contained herein are not subject to modification by any prior oral or written statements. Any future modification of this agreement shall not be effective unless first reduced to writing and signed by all parties hereto.

24. **BINDING EFFECT.** This Agreement shall be binding on and shall inure to the benefit of the heirs, executors, administrators, successors, and assigns of the parties hereto, but nothing contained in this paragraph shall be construed as a consent to any assignment of this Agreement or any interest therein.

25. **APPLICABLE LAW.** This Agreement shall be construed and enforced according to the laws of the State of Ohio.

26. **WAIVER.** The waiver of any breach of this Agreement by either party shall not constitute a continuing waiver or a waiver of any subsequent breach, either of the same or another provision of this agreement. The delay or omission by the Seller to exercise any right or power provided by this Agreement shall not constitute a waiver of such right or power, or acquiescence in any default on the part of the Purchaser. The acceptance of any payments made by the Purchaser in a manner or at a time other than as required by the terms and conditions of this agreement shall not be construed as a waiver or variation of such terms and conditions. Any default on the part of the Purchaser shall be construed as continuous, and the Seller may exercise every right and power under this Agreement at any time during the continuance of such default, or upon the occurrence of any subsequent default.

27. **EXECUTION AND RECORDING.** This Agreement may be executed in several counterparts, all of which shall have the force and effect of an original. An original executed copy of this Agreement shall be delivered for record in the office of the County Recorder where the Property is located within twenty (20) days of execution of this Agreement. This recording shall be the responsibility of the Seller.

28. **TIME OF ESSENCE.** Time is expressly declared to be of the essence for this Agreement.

29. **DEFINITIONS.** Capitalized words in this Agreement shall have the following meanings:

Purchaser: *Mitch G.* ~~Mitchell~~ Stevenson and Patricia Stevenson

Seller: Robert E. Tevlin *Properties, LLC*

Purchaser's mailing address: 8662 Hampton Bay Place, Mason, Ohio 45040

Seller's mailing address: 8216 Cherry Laurel Drive, Liberty Township, Ohio 45044

Purchase Price: $ 1,488,000

Down Payment: $ 300,000

Monthly Installment: $ 19,800

Bad Check Charge: $ 50

Late Charge:
a) 10% of the Monthly Installment if the Monthly Installment is paid between the 6th and 15th of the month in which the Monthly Installment is due

b) 20% of the Monthly Installment if the Monthly Installment is paid after the 16th of the month in which the Monthly Installment is due

Executed this _5th_ day of _July_ 2012.

Purchaser: _____
Patricia Stevenson

_____
*Mitch G.* ~~Mitchell~~ Stevenson

*Tevlin Properties, LLC*
Seller: _____
*By:* Robert E. Tevlin, *Member*

State of Ohio
County of ___*Hamilton*___

The foregoing instrument was acknowledged before me, a notary public in and for the above named county and state by Mitchell Stevenson and Patricia Stevenson on this ___*5th*___ day of ___*July*___, 2012.

_____
Notary Public

MICHAEL C. FLETCHER
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

State of Ohio
County of ___*Hamilton*___

The foregoing instrument was acknowledged before me, a notary public in and for the above named county and state by Robert E. Tevlin on this ___*5th*___ day of ___*July*___, 2012. *for and on behalf of the limited liability company* *authorized member of Robert E. Tevlin, LLC*

_____
Notary Public

This instrument was prepared in unexecuted form by:
ROBBINS, KELLY, PATTERSON & TUCKER
The Macy's Building, Suite 1400
7 West Seventh Street
Cincinnati, Ohio 45202-2417



MICHAEL C. FLETCHER
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

### EXHIBIT "A"
### (Legal Description)

Situate in Section 33, Town 4, Range 2 of Deerfield Township, County of
Warren, State of Ohio and being Lot Number 3 of Long Cove Phase 1A as
recorded in Plat Book 67, Pages 57 and 58 of the Warren County Recorder's
Office.

Parcel No. 16-33-400-030  

WARREN COUNTY               875184               PAGE 8 OF 8

BOOK 5586 PAGE 75



STATE OF OHIO
COUNTY OF WARREN

LINDA ODA RECORDER, WITHIN AND FOR THE COUNTY AND
STATE AFORESAID, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF THE

_Deed_

RECORDED IN _Official Records_

VOLUME _5586_ PAGE _66_

WITNESS MY HAND AND SEAL OF SAID OFFICE,
THIS _12_ DAY OF _September_ 20 _18_.

LINDA ODA, RECORDER
WARREN COUNTY, OHIO

BY: _____
DEPUTY

**TRANSFERRED**

50 JUL 1 2 2012 $390⁰⁰ B$

SEC. 319.902 COMPLIED WITH
NICK NELSON, Auditor
WARREN COUNTY, OHIO

2/28

BETH DECKARD — WARREN COUNTY RECORDER
Doc #:   875183   Type: DEED
Filed: 7/12/2012  11:42:11  $   28.00
OR Volume:   5586 Page:   66 Return: B
Rec#:   11952   Pages:   2
GRIFFIN FLETCHER & HERNDON (OLIVIA LAWYE

Parcel No.: 16-33-400-030
12RTC0284  return to Ross

### GENERAL WARRANTY DEED*        

**Francisca Webster**, an unmarried woman, for good and valuable consideration paid, grants with general warranty covenants, to **Robert E Tevlin Properties, LLC**, an Ohio limited liability company, whose tax mailing address is 8216 Cherry Laurel Drive, Liberty Township, Ohio 45044, the following real property:

#### See Exhibit "A" attached

Excluded from the covenants of warranty are real property taxes and assessments which are not delinquent, easements, agreements, covenants and restrictions of record.

Prior instrument reference: Official Record 4384, Page 442.

Date: June ___19___, 2012.                    _Francisca Webst_
                                              Francisca Webster

State of Ohio
County of Hamilton

The foregoing document was acknowledged before me, a notary public in and for said county and state, this __19__ day of June, 2012 by Francisca Webster, an unmarried woman.

MICHAEL R. YEAZELL
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.          _____
                                     Notary Public

This instrument was prepared in unexecuted form by Robbins, Kelly, Patterson & Tucker, a legal professional association, The Macy's Building, 7 West Seventh Street, Suite 1400, Cincinnati, Ohio, 45202-2417. File No.: L3226 0001

**EXHIBIT "A"**
**(Legal Description)**

Situate in Section 33, Town 4, Range 2 of Deerfield Township, County of
Warren, State of Ohio and being Lot Number 3 of Long Cove Phase 1A as
recorded in Plat Book 67, Pages 57 and 58 of the Warren County Recorder's
Office.

Parcel No. 16-33-400-030 

WARREN COUNTY                     875183                   PAGE 2 OF 2

**THE STATE OF OHIO**
**WARREN COUNTY**

     LINDA ODA, RECORDER, WITHIN AND FOR THE COUNTY
AND STATE AFORESAID DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF THE

Deed

**RECORDED IN** Official Records

**INSTRUMENT** 2015-003595

    WITNESS MY HAND AND SEAL OF SAID OFFICE, THIS

12 **DAY OF** September , 20 18

                    LINDA ODA, RECORDER
                    WARREN COUNTY, OHIO

**BY:** 

                    DEPUTY



8 1 0 1 1 5 4
Tx:4076868

**LINDA ODA**
**WARREN COUNTY RECORDER**
**2015-003595**
DEED
02/11/2015 8:56:18 AM
REC FEE: 28.00 PGS: 2
PIN:

TRANSFERRED

FEB 1 1 2015

SEC. 319.902 COMPLIED WITH
NICK NELSON, Auditor
WARREN COUNTY, OHIO

## GENERAL WARRANTY DEED

61419/R&R RESALE

Robert E. Tevlin Properties, LLC, an Ohio limited liability company, for valuable consideration paid, grants, with general warranty to R&R Resale Leasing, LLC, an Ohio limited liability company, whose tax mailing address is 2439 Williams Avenue, Cincinnati, Ohio 45212, the following real property:

Situated in Section 33, Town 4, Range 2 of Deerfield Township, County of Warren, State of Ohio and Being Lot Number Three (3) of Long Cove Phase 1A as recorded in Plat Book 67, pages 57 and 58 of the Warren County Recorder's Office.

Subject to easements and restrictions of record and/or in existence.

Parcel Number 16-33-400-030

Property Address: 8662 Hampton Bay Place, Mason, Ohio 45040

Prior Instrument Reference: Vol. 5586, page 66, Deed Records of Warren County, Ohio.

To have and to hold all of the above described property together with all the rights, privileges, appurtenances and improvements thereunto belonging unto the Grantee, its successors and assigns forever.

And the said Grantor, Robert E. Tevlin Properties, LLC, an Ohio limited liability company, does hereby covenant and warranty that the title so conveyed is clear, free and unencumbered, and that it will defend the same against all lawful claims of all persons whomsoever.

Executed by the said Grantor, Robert E. Tevlin Properties, LLC, an Ohio limited liability company, acting by and through Robert E. Tevlin, its Member, duly authorized pursuant to its resolution, to be its voluntary act and deed this 30th day of January, 2015.

Robert E. Tevlin Properties, LLC, an Ohio limited liability company

By: Robert E. Tevlin, Member

STATE OF KENTUCKY
COUNTY OF KENTON

**BE IT REMEMBERED**, that on the 30th day of January, 2015, before me, the subscriber, a notary public in and for said state, personally came Robert E. Tevlin Properties, LLC, an Ohio limited liability company, acting by and through Robert E. Tevlin, its Member, duly authorized pursuant to its resolution, the Grantor in the foregoing Deed, and acknowledged the signing thereof to be its free act and deed.

**IN TESTIMONY THEREOF**, I have hereunto subscribed my name and affixed my seal on this day and year aforesaid.

Notary Public

9-24-16

RONALD G. MULLEN
Notary Public, Kentucky, State at Large
My Commission Expires Sept. 24, 2016

THIS INSTRUMENT PREPARED BY: AND RETURN TO
Amy J. Arnsperger-Hammerle, Attorney
2362 Grandview Drive, Fort Mitchell, Kentucky 41017

WARREN COUNTY          2015-003595          PAGE 2 OF 2

STATE OF OHIO
COUNTY OF WARREN

LINDA ODA RECORDER, WITHIN AND FOR THE COUNTY AND
STATE AFORESAID, DO HEREBY CERTIFY THAT THE
FOREGOING IS A TRUE AND CORRECT COPY OF THE

_____ Land Contract _____

RECORDED IN _____ Official Records _____

VOLUME ___5586___ PAGE ___48___

WITNESS MY HAND AND SEAL OF SAID OFFICE,
THIS _12_ DAY OF _September_ 20_18_.

LINDA ODA, RECORDER
WARREN COUNTY, OHIO

BY: _____
DEPUTY

EXHIBIT
C

Amount Owed on 7/5/12 Land Installment Contract on
8662 Hampton Bay Place, Mason, Ohio,
as of 11/1/18

| | |
|---|---:|
| Purchase price | $1,488,000 |
| Down payment | (300,000) |
| Balance due | $1,188,000 |
| | |
| 8/1/12 payment | (19,800) |
| 9/1/12 payment | (19,800) |
| 10/5/12 payment | (19,800) |
| 10% late charge on 10/12 payment | 1,980 |
| 11/7/12 payment | (19,800) |
| 10% late charge on 11/12 payment | 1,980 |
| 12/7/12 payment | (19,800) |
| 10% late charge on 12/12 payment | 1,980 |
| 1/3/13 payment | (19,800) |
| 10% late charge on 1/13 payment | 1,980 |
| 2/11/13 payment | (19,200) |
| 10% late charge on 2/13 payment | 1,980 |
| 12% interest on unpaid $600 from 2/13 payment (2/13-10/18) | 408 |
| 3/1/13 payment | (19,200) |
| 12% interest on unpaid $600 from 3/13 payment (3/13-10/18) | 402 |
| 4/12/13 payment | (19,200) |
| 10% late charge on 4/13 payment | 1,980 |
| 12% interest on unpaid $600 from 4/13 payment (4/13-10/18) | 396 |
| 5/7/13 payment | (19,200) |
| 10% late charge on 5/13 payment | 1,980 |
| 12% interest on unpaid $600 from 5/13 payment (5/13-10/18) | 390 |
| 6/24/13 payment | (19,200) |
| 20% late charge on 6/13 payment | 3,960 |
| 12% interest on unpaid $600 from 6/13 payment (6/13-10/18) | 384 |
| 7/22/13 payment | (19,200) |
| 20% late charge on 7/13 payment | 3,960 |
| 12% interest on unpaid $600 from 7/13 payment (7/13-10/18) | 378 |
| 8/12/13 payment | (19,200) |
| 10% late charge on 8/13 payment | 1,980 |
| 12% interest on unpaid $600 from 8/13 payment (8/13-10/18) | 372 |
| 9/19/13 payment | (19,300) |
| 20% late charge on 9/13 payment | 3,960 |
| 12% interest on unpaid $500 from 9/13 payment (9/13-10/18) | 366 |
| 12/19/13 payment | (19,800) |
| 20% late charge on 10/13 payment | 3,960 |
| 12% interest on unpaid $19,800 from 10/13 payment (10/13-12/13) | 594 |
| 1/30/14 payment | (10,000) |

| | |
|---|---:|
| 20% late charge on 11/13 payment | 3,960 |
| 12% interest on unpaid $9,800 from 11/13 payment (11/13-1/14) | 294 |
| 2/14/14 payment | (20,000) |
| 20% late charge on 12/13 payment | 3,960 |
| 12% interest on unpaid $19,800 from 12/13 payment (12/13-2/14) | 594 |
| 4/18/14 payment | (19,800) |
| 20% late charge on 1/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 1/14 payment (1/14-4/14) | 792 |
| 6/13/14 payment | (39,600) |
| 20% late charge on 2/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 2/14 payment (2/14-6/14) | 990 |
| 20% late charge on 3/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 3/14 payment (3/14-6/14) | 792 |
| 20% late charge on 4/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 4/14 payment (4/14-10/18) | 10,692 |
| 20% late charge on 5/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 5/14 payment (5/14-10/18) | 10,494 |
| 20% late charge on 6/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 6/14 payment (6/14-10/18) | 10,296 |
| 20% late charge on 7/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 7/14 payment (7/14-10/18) | 10,098 |
| 20% late charge on 8/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 8/14 payment (8/14-10/18) | 9,900 |
| 20% late charge on 9/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 9/14 payment (9/14-10/18) | 9,702 |
| 20% late charge on 10/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 10/14 payment (10/14-10/18) | 9,504 |
| 20% late charge on 11/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 11/14 payment (11/14-10/18) | 9,306 |
| 20% late charge on 12/14 payment | 3,960 |
| 12% interest on unpaid $19,800 from 12/14 payment (12/14-10/18) | 9,108 |
| 20% late charge on 1/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 1/15 payment (1/15-10/18) | 8,910 |
| 20% late charge on 2/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 2/15 payment (2/15-10/18) | 8,712 |
| 20% late charge on 3/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 3/15 payment (3/15-10/18) | 8,514 |
| 20% late charge on 4/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 4/15 payment (4/15-10/18) | 8,316 |
| 20% late charge on 5/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 5/15 payment (5/15-10/18) | 8,118 |
| 20% late charge on 6/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 6/15 payment (6/15-10/18) | 7,920 |
| 20% late charge on 7/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 7/15 payment (7/15-10/18) | 7,722 |
| 20% late charge on 8/15 payment | 3,960 |

| | |
|---|---|
| 12% interest on unpaid $19,800 from 8/15 payment (8/15-10/18) | 7,524 |
| 20% late charge on 9/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 9/15 payment (9/15-10/18) | 7,326 |
| 20% late charge on 10/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 10/15 payment (10/15-10/18) | 7,128 |
| 20% late charge on 11/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 11/15 payment (11/15-10/18) | 6,930 |
| 20% late charge on 12/15 payment | 3,960 |
| 12% interest on unpaid $19,800 from 12/15 payment (12/15-10/18) | 6,732 |
| 20% late charge on 1/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 1/16 payment (1/16-10/18) | 6,534 |
| 20% late charge on 2/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 2/16 payment (2/16-10/18) | 6,336 |
| 20% late charge on 3/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 3/16 payment (3/16-10/18) | 6,138 |
| 20% late charge on 4/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 4/16 payment (4/16-10/18) | 5,940 |
| 20% late charge on 5/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 5/16 payment (5/16-10/18) | 5,742 |
| 20% late charge on 6/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 6/16 payment (6/16-10/18) | 5,544 |
| 20% late charge on 7/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 7/15 payment (7/15-10/18) | 5,346 |
| 20% late charge on 8/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 8/16 payment (8/16-10/18) | 5,148 |
| 20% late charge on 9/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 9/16 payment (9/16-10/18) | 4,950 |
| 20% late charge on 10/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 10/16 payment (10/16-10/18) | 4,752 |
| 20% late charge on 11/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 11/16 payment (11/16-10/18) | 4,554 |
| 20% late charge on 12/16 payment | 3,960 |
| 12% interest on unpaid $19,800 from 12/16 payment (12/16-10/18) | 4,356 |
| 20% late charge on 1/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 1/17 payment (1/17-10/18) | 4,158 |
| 20% late charge on 2/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 2/17 payment (2/17-10/18) | 3,960 |
| 20% late charge on 3/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 3/17 payment (3/17-10/18) | 3,762 |
| 20% late charge on 4/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 4/17 payment (4/17-10/18) | 3,564 |
| 20% late charge on 5/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 5/17 payment (5/17-10/18) | 3,366 |
| 20% late charge on 6/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 6/17 payment (6/17-10/18) | 3,168 |

| | |
|---|---|
| 20% late charge on 7/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 7/17 payment (7/17-10/18) | 2,970 |

| | |
|---|---|
| Purchase price | $1,488,000 |
| Total payments | (681,700) |
| Total late charges | 209,880 |
| Total interest on unpaid payments | 280,392 |
| Total for property insurance | 11,619 |
| Total amount owed | $1,308,191 |

| | |
|---|---|
| 20% late charge on 7/17 payment | 3,960 |
| 12% interest on unpaid $19,800 from 7/17 payment (7/17-10/18) | 2,970 |

| | |
|---|---|
| Purchase price | $1,488,000 |
| Total payments | (681,700) |
| Total late charges | 209,880 |
| Total interest on unpaid payments | 280,392 |

| | |
|---|---|
| Total amount owed | $1,296,572 |

Nov 14, 2018  11:24 AM

1 MUTUAL AVENUE
FRANKENMUTH, MI
48787-0001

 **Frankenmuth**
INSURANCE

**ACCOUNT ACTIVITY**

AGENT NUMBER 0340631

| Account Number: | Issue Date: |
|---|---|
| 6279558000 | 11/13/2018 |

| Named Insured: | Agent: |
|---|---|
| R & R RESALE LEASING LLC<br>C/O PAUL SCHWARZ, ESQ.<br>255 E 5TH ST STE 700<br>CINCINNATI  OH  45202 | MARIEMONT INSURANCE AGENCY<br>5725 DRAGON WAY SUITE 200<br>CINCINNATI  OH  45227 |

**Enclosed is a billing analysis of account activity.  If you have any questions, please contact our Billing Department at (844)488-9777.**

**Thank you!**

Policies billed under account:   6279558000

| Policy Number | CO* |
|---|---|
| CPP6279558 | 05 |

FM-832 (10-10)          * CO INSURER: 05 - Frankenmuth Mutual Insurance  06 - Ansur America  07 - Patriot Insurance

Nov 14, 2018  11:24 AM



1 MUTUAL AVENUE
FRANKENMUTH, MI
48787-0001

**Frankenmuth®**
INSURANCE

# ACCOUNT ACTIVITY
*Page 1 of 2*

AGENT NUMBER  0340631

Date:  11/13/2018

Insured:  R & R RESALE LEASING LLC

Account Number: 6279558000

Balance Due:  $0.00

| Effective Date | Issue Date | Account Activity | Premiums & Fees | Payments On Account | Balance Due |
|---|---|---|---|---|---|
| | | **CPP6279558   05*   POLICY TERM JANUARY 30, 2015 TO JANUARY 30, 2016** | | | |
| 01/30/2015 | 02/02/2015 | COMPAK POLICY NEW | $140.00 | | |
| 01/30/2015 | 02/02/2015 | FIRE NEW | $2,207.00 | | |
| 01/30/2015 | 02/02/2015 | GENERAL LIABILITY NEW | $406.00 | | |
| | | TERM SUB-TOTAL | $2,753.00 | | |
| | | **CPP6279558   05*   POLICY TERM JANUARY 30, 2016 TO JANUARY 30, 2017** | | | |
| 01/30/2016 | 01/06/2016 | COMPAK POLICY RENEWAL | $160.00 | | |
| 01/30/2016 | 01/06/2016 | COMMERCIAL FIRE RENEWAL | $2,270.00 | | |
| 01/30/2016 | 01/06/2016 | GENERAL LIABILITY RENEWAL | $400.00 | | |
| | | TERM SUB-TOTAL | $2,830.00 | | |
| | | **CPP6279558   05*   POLICY TERM JANUARY 30, 2017 TO JANUARY 30, 2018** | | | |
| 01/30/2017 | 01/29/2017 | COMPAK POLICY RENEWAL | $167.00 | | |
| 01/30/2017 | 01/29/2017 | COMMERCIAL FIRE RENEWAL | $2,318.00 | | |
| 01/30/2017 | 01/29/2017 | GENERAL LIABILITY RENEWAL | $400.00 | | |
| | | TERM SUB-TOTAL | $2,885.00 | | |
| | | **CPP6279558   05*   POLICY TERM JANUARY 30, 2018 TO JANUARY 30, 2019** | | | |
| 01/30/2018 | 01/04/2018 | COMPAK POLICY RENEWAL | $173.00 | | |
| 01/30/2018 | 01/04/2018 | COMMERCIAL FIRE RENEWAL | $2,402.00 | | |
| 01/30/2018 | 01/04/2018 | GENERAL LIABILITY RENEWAL | $400.00 | | |
| | | TERM SUB-TOTAL | $2,975.00 | | |
| | | **TOTAL PREMIUM** | **$11,443.00** | | |
| | 03/02/2015 | INSTALLMENT FEE | $8.00 | | |
| | 03/30/2015 | LATE FEE | $30.00 | | |
| | 01/30/2016 | INSTALLMENT FEE | $8.00 | | |
| | 03/01/2016 | LATE FEE | $30.00 | | |
| | 03/04/2017 | INSTALLMENT FEE | $8.00 | | |
| | 04/01/2017 | LATE FEE CREDIT | $30.00CR | | |
| | 04/01/2017 | LATE FEE | $30.00 | | |
| | 01/30/2018 | INSTALLMENT FEE | $8.00 | | |
| | 03/02/2018 | LATE FEE | $30.00 | | |
| | 04/30/2018 | INSTALLMENT FEE | $8.00 | | |
| | 07/30/2018 | INSTALLMENT FEE | $8.00 | | |
| | 09/01/2018 | LATE FEE | $30.00 | | |
| | 10/30/2018 | INSTALLMENT FEE | $8.00 | | |
| | | **TOTAL FEES** | **$176.00** | | |
| | 03/09/2015 | PAYMENT RECEIVED | | $2,791.00CR | |
| | 02/18/2016 | PAYMENT RECEIVED | | $2,868.00CR | |
| | 03/13/2017 | PAYMENT RECEIVED | | $2,893.00CR | |
| | 02/21/2018 | PAYMENT RECEIVED | | $781.75CR | |
| | 04/26/2018 | PAYMENT RECEIVED | | $751.75CR | |
| | 08/21/2018 | PAYMENT RECEIVED | | $781.75CR | |
| | 10/25/2018 | PAYMENT RECEIVED | | $751.75CR | |
| | | **TOTAL PAYMENTS** | | **$11,619.00CR** | |

\* CO INSURER: 05 - Frankenmuth Mutual Insurance  06 - Ansur America  07 - Patriot Insurance

FM-833 (10-10)

Nov 14, 2018  11:24 AM

# ACCOUNT ACTIVITY

*Page 2 of 2*

AGENT NUMBER  0340631

Date:              11/13/2018

Insured:        R & R RESALE LEASING LLC

Account Number: 6279558000                     Balance Due:        $0.00

| Effective Date | Issue Date | Account Activity | Premiums & Fees | Payments On Account | Balance Due |
|---|---|---|---|---|---|
| | | TOTALS | $11,619.00 | $11,619.00CR | $0.00 |

FM-833 (10-10)              * CO INSURER: 05 - Frankenmuth Mutual Insurance  06 - Ansur America  07 - Patriot Insurance

3